CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

MOHAMMAD KHATIB
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone: 541-2850
Facsimile: 541-2958
E-mail: Mohammad.Khatib@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | MAG. NO. 23-01733-RT |
| | ) | |
| vs. | ) | MOTION TO DETAIN DEFENDANT WITHOUT BAIL |
| | ) | |
| KALANA LIMKIN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MOTION TO DETAIN DEFENDANT WITHOUT BAIL

The United States hereby moves to detain the defendant without bail, pursuant to 18 U.S.C. § 3142 because there is no condition or combination of

conditions of release which will reasonably assure the safety of any other person and the community.   18 U.S.C. § 3142(e).

## I. BACKGROUND

The defendant is charged in a criminal complaint with receipt, distribution, and possession of child pornography in violation of Title 18, United States Code, Section 2252(a)(2).   He was arrested and taken into federal custody on December 14, 2023.   The defendant is scheduled for an initial appearance on the charge on Monday, December 18, 2023 at 10:30 a.m.

## II. ARGUMENT

### A. Legal Standards for Pre-Trial Detention

A defendant must be detained pending trial where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."   18 U.S.C. § 3142(e)(1).   Detention is thus appropriate where a defendant is either a danger to the community or a flight risk.   *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).   Where, as here, there is probable cause to believe that the defendant committed an offense involving a minor victim under Title 18, United States Code, Section 2252(a)(2), it is presumed that "no condition or combination of conditions of release will reasonably assure the appearance of the person as

required and the safety of the community." 18 U.S.C. § 3142(e)(3)(E). That "presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (internal quotations and citation omitted).

Categorical grants or denials of bail, untethered from an individualized determination, are impermissible. *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). That is because "the Bail Reform Act mandates an individualized evaluation guided by the factors articulated in § 3142(g)." *Id.* Those factors are:

> (1) the nature and circumstances of the offense charged;
>
> (2) the weight of the evidence against the defendant;
>
> (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and

>(4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release.

18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986). Consideration of non- statutory factors is disfavored. *Diaz-Hernandez*, 943 F.3d at 1199.

**B. Detention Is Appropriate As The Defendant Is A Danger to the Community**

The nature and circumstances of the defendant's offense are disturbing. The receipt, distribution and possession of child pornography itself is a heinous crime that victimizes the most vulnerable members of society. However, as described below, the defendant's conduct goes far beyond the sexual exploitation of children. The crime with which the defendant is charged carries serious penalties, including a mandatory minimum sentence of five years of imprisonment and up to 20 years.

The defendant's history and characteristics justify detention. The defendant adheres to the beliefs of a group known as "764." That group is a radical offshoot of a satanic anarchist group, The Order of Nine Angles ("O9A"), which espouses the belief that society must be destroyed from within. O9A encourages members to engage in criminal acts, including violence, sexual assault, murder, and terrorism, to accelerate and cause the demise of western society.

O9A advocates "culling," a form of human sacrifice, to eliminate Jews, people of color, and others deemed to be inferior under their Social Darwinist views, as well as rape and sexual assault as a means of asserting domination, breaking social norms, and propagating the expansion of the white race.  O9A embraces terrorism, including radical Islamic jihadist ideology and the violent tactics of jihadist groups, such as the Islamic State of Iraq and al-Sham ("ISIS") and al Qaeda, as a means to accelerate the decline of Western society and to attack Jewish people in particular. "764" represents a radical shift in the group to specifically target children and use CSAM and videos depicting animal cruelty, self-harm, and other acts of violence to accelerate chaos in society.  Members of "764" work in concert with one another towards a common purpose of destroying civilized society through the corruption of youth.  Vulnerable underage populations across the country and across the globe are methodically identified by members of "764" and victimized both individually and as a group.  The group functions together as a coordinated unit by using Discord and Telegram as vessels to desensitize vulnerable populations through sharing extreme gore and child sexual abuse material ("CSAM"), with the purpose of breaking down societal norms and normalizing explicit material to corrupt minors and groom them towards future violence. Individual victims are often targeted through synchronized group chats, as the

5

group will use publicly available platforms, such as social media sites or mobile applications like Discord and Telegram, to conduct coordinated extortion and blackmailing of minor victims to comply with the demands of the group.  These demands vary between live streams or uploading of videos of self-harm, CSAM, harm to animals, sexual exploitation of siblings, acts of random violence, suicide, murder, and other acts of violence.  Members of the group threaten to share sexually explicit videos or photos of the minor victims with their family, friends, and/or post to the internet.  The group will then commonly edit compilation videos of their victims and share these videos on their servers to gain notoriety and spread fear, all for the purpose of accelerating chaos under in furtherance of 764's beliefs.

       The defendant is not only an adherent to the beliefs of "764," he is the founder of the splinter group, "Cultist."  "Cultists focuses on, among other things, promoting child pornography, child exploitation, sexual extortion, and trafficking, animal cruelty and self-harm of minors.  Plainly, the defendant's release would endanger the community.

       The weight of evidence against the defendant is substantial.  The defendant has in fact confessed to the crime of possessing child pornography.  Further, he admitted to being the creator of "Cultist," which he acknowledged promotes self-harm and cutting.  The defendant also admitted that he had asked

6

minor females to send him nude photographs of themselves.   This evidence demonstrates the United States' case against the defendant is formidable, making the defendant's conviction quite likely.

### III. CONCLUSION

For the foregoing reasons, the United States' requests that the Court detain the defendant and further requests a continuance of three days from the date of the initial appearance to conduct the detention hearing.

DATED:   December 15, 2023, at Honolulu, Hawaii.

>CLARE E. CONNORS
>United States Attorney
>District of Hawaii
>
>By /s/ Mohammad Khatib
>   MOHAMMAD KHATIB
>   Assistant U.S. Attorney

United States v. Kalana Limkin
MOTION TO DETAIN DEFENDANT WITHOUT BAIL
Mag. No. 23-01733-RT

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the date noted below, a true and correct copy of the foregoing was served electronically on counsel of record through the District Court's electronic filing system.

DATED: December 15, 2023, at Honolulu, Hawaii.

*/s/ Mohammad Khatib*
MOHAMMAD KHATIB
Assistant United States Attorney